IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| **TERRY LEE ROSEBORO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:09-0548 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On May 15, 2009, Plaintiff, acting *pro se* and incarcerated at FCI Beckley in Beckley, West Virginia, filed his "Motion for Relief of Medical Exemption from Education Department due to Medical Reasons."[1] (Document No. 1.) Plaintiff names the United States of America as the Defendant. In his Motion, Plaintiff alleges as follows:

(1)   I will show that I, Terry Lee Roseboro, suffered a cardiovascular accident or stroke. After making several complaints to the medical staff at FCI Beckley, I, the Petitioner, was mistreated for gout and pain related problems to that condition, and while being misdiagnosed for the condition, petitioner suffered a stroke on March 8, 2007. After being admitted to a local hospital, the medical doctor realized I had to have an open heart surgery to remove an atrial myxoma. The stroke has changed the manner in which I, the petitioner, must live throughout life. Furthermore, this condition has permanently damaged petitioner's movements and impaired the proper functions of his brain. Therefore, leaving him disabled for the remainder of his life. In that he cannot function as a normal human being. Petitioner's medical records can be reviewed upon request by the sentencing judge through the medical department at (FCI) Federal Correctional Institution Beckley.

(2)   Attached is Administrative Remedy ID No. 484717, signed by the Regional Director on April 24, 2008, as petitioner's Exhibit "A," which states:

---

[1]   Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

>   Roseboro suffered a stroke caused by a tumor on the walls of the heart. The tumor caused a blood clot that lead to the stroke. Roseboro endured open heart surgery in order to remove the tumor. The damage to his brain will permanently impair petitioner's ability to function normally. The bureau of prisons must now provide him, presumably, expensive medication and medical care.
>
> (3) The petitioner, a forty-seven-year-old male, has been seen by speech/language evaluation at Communicative Disorders University of Kentucky on 6/11/07. [Petitioner] was diagnosed with paresis and speech deficits. The petitioner also has difficulty with understanding comprehension, which can be verified at Report of Speech/Language Evaluation, University of Kentucky.
>
> (4) The petitioner only seeks to have an exemption from the Education Department because of medical condition at FCI Beckley.

(Document No. 1, pp. 1 - 3.) Plaintiff attaches the following documents as exhibits: (1) Copy of Regional Director White's Response dated April 24, 2008, denying Plaintiff's appeal of Administrative Remedy No. 484717-R1 (Id., p. 4.); (2) Copy of Plaintiff's Request for Administrative Remedy (ID No. 515024-F1) dated October 29, 2008 (Id., p. 5.); (3) Copy of an "Electronic Mail Message" to Jennifer Pinkerton, Office of Congresswoman Fox, from the Federal Bureau of Prisons dated October 24, 2008 (Id., p. 6.); (4) Copy of Warden Craig's Response dated November 25, 2008, denying Plaintiff's Request for Administrative Remedy (ID No. 515024-F1) (Id., p. 7.); (5) Copy of Plaintiff's Regional Administrative Remedy Appeal (ID No. 515024-R1) dated November 28, 2008 (Id., p. 8.); (6) Copy of Regional Director White's Response dated December 31, 2008, denying Plaintiff's Administrative Remedy Regional Appeal (ID No. 515024-R1) (Id., p. 9.); (7) Copy of Plaintiff's Central Office Administrative Remedy Appeal (ID No. 515024-A2) dated January 21, 2009 (Id., p. 10.); (8) Copy of Administrator Watt's Response dated April 22, 2009, denying Plaintiff's appeal (ID No. 515024-A2) (Id., p. 11.); (9) Copy of Plaintiff's "Rejection Notice - Administrative Remedy" (Id., p. 12.); (10) Copy of Administrator Watt's

Response dated June 30, 2008, denying Plaintiff's appeal (ID No. 484717-A1) (Id., p. 13.); and (11) Copy of "Communicative Disorders University of Kentucky Report of Speech/Language Evaluation" dated June 11, 2007 (Id., p. 14.) Plaintiff, therefore, requests that this Court enter an order requiring FCI Beckley to grant Plaintiff "an exemption from the Education Department because of [his] medical condition."[2] (Id., p. 3.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.

## ANALYSIS

A Bivens action is a judicially created damages remedy which is designed to vindicate

---

[2]The undersigned notes that on December 18, 2008, Plaintiff filed a *Bivens* action with this Court claiming that staff at FCI Beckley violated his constitutional rights by failing to provide adequate medical treatment. *Roseboro v. Phelps*, Civil Action 5:08-01433.

violations of constitutional rights by federal actors. See <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); <u>See also</u> <u>Carlson v. Green</u>, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending <u>Bivens</u> to Eighth Amendment claims); <u>Davis v. Passman</u>, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending <u>Bivens</u> to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A <u>Bivens</u> action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under <u>Bivens</u> must show the violation of a valid constitutional right by a person acting under color of federal law.[3] The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to <u>Bivens</u>. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, <u>Bivens</u> claims

---

[3] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id*.

are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

The Attorney General requires the BOP to conduct adult literacy programs in federal prisons for the benefit of inmates who are functionally illiterate. See 18 U.S.C. § 3624(f)[4]; 28 C.F.R. §§

---

[4] Title 18 U.S.C. § 3624(f) provides as follows:

**(f) Mandatory functional literacy requirement. - -**

**(1)** The Attorney General shall direct the Bureau of Prisons to have in effect a mandatory functional literacy program for all mentally capable inmates who are not functionally literate in each federal correctional institution within 6 months from the date of the enactment of this Act.

**(2)** Each mandatory functional literacy program shall include a requirement that each inmate participate in such program for a mandatory period sufficient to provide the inmate with an adequate opportunity to achieve functional literacy, and appropriate incentives which lead to successful completion of such programs shall be developed and implemented.

**(3)** As used in this section, the term "functional literacy" means - -
   **(A)** an eight grade equivalence in reading and mathematics on a nationally recognized standardized test;
   **(B)** functional competency or literacy on a nationally recognized criterion-referenced test; or
   **(C)** a combination of subparagraphs (A) and (B).

**(4)** Non-English speaking inmates shall be required to participate in an English-As-A-Second-Language program until they function at the equivalence of the eight grade on a nationally recognized educational achievement test.

**(5)** The Chief Executive Officer of each institution shall have authority to grant waivers for good cause as determined and documented on an individual basis.

544.70 - 75. Section 544.70 requires that functionally illiterate inmates attend adult literacy programs for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first. 28 C.F.R. § 544.70.[5] Functionally illiterate inmates are required to participate in the adult literacy program for 240 instructional hours, or be subject to disciplinary sanctions. 28 C.F.R. § 544.75.[6] The Warden may exempt an inmate from participation in the literacy program "[w]hen a qualified medical or psychology staff member, together with the SOE, confirms that an inmate has an extremely serious and irreversible medical or psychological condition that, even when treated, prevents the inmate from benefitting from the literacy program." Program Statement [P.S.] 5350.28; 28 C.F.R. § 544.71.[7] If the inmate fails to achieve his GED within 240 instructional hours, the BOP offers good time credit as an encouragement for an inmate to successfully complete the literacy program. 28 C.F.R. §§ 523.20 and 544.73.[8]

Plaintiff claims that the BOP improperly denied Plaintiff a medical exemption from

---

[5] Section 544.70 provides that "an inmate confined in a federal institution who does not have a verified General Educational Development (GED) credential or high school diploma is required to attend an adult literacy program for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first." 28 C.F.R. § 544.70.

[6] Section 544.75 states that "staff may take disciplinary action against an inmate lacking a GED credential or high school diploma if that inmate refuses to enroll in, and to complete, the mandatory 240 instructional hours of the literacy program."

[7] Section 544.71 provides that "[i]nmates determined by staff to be temporarily unable to participate in the literacy program due to special circumstances beyond their control (e.g., due to a medical condition, transfer on writ, on a waiting list for initial placement)" are not required to attend the literacy program.

[8] Section 544.73(c) states that "[a]t the end of 240 instructional hours . . . the unit team during scheduled program review sessions shall meet with the inmate to encourage continued participation in the literacy program until the inmate earns a GED credential or high school diploma."

6

participating in the literacy program.[9] First, the undersigned finds that the District Court simply cannot consider Plaintiff's request that the Court enter an Order directing the BOP to provide him with a medical exemption. To do so would entail consideration of matters involving medical judgment which are not proper subjects for judicial consideration. Next, the undersigned finds that Plaintiff does not allege that he has been deprived of a right protected by the Constitution. Inmates do not have a constitutionally protected right "to remain uneducated." Rutherford v. Hutto, 377 F.Supp. 268, 272 (E.D.Ark. 1974)(stating that "[t]he 'constitutional right to be ignorant' or 'the constitutional right to remain uneducated,' which petitioner postulates, simply does not exist"); also see Martin v. O'Brien, 2006 WL 1206582 (E.D.Ky. April 28, 2006), aff'd, 207 Fed.Appx. 587 (6th Cir. 2006)(finding that the BOP did not violate inmate's constitutional rights by refusing to grant inmate an exemption based upon a certificate from a correspondence school, which inmate claimed to be equivalent to a high school diploma). Further, it has been recognized that the BOP's literacy program serves a valid penological interest of education and rehabilitation. Burrell v. Gunja, 2001 WL 34713499, at *4 (D.Md. June 8, 2001), aff'd, 22 Fed.Appx. 225 (4th Cir. 2001)(stating that the BOP's requirement that an inmate attend the literacy program does not violate the inmate's constitutional rights because the "literacy program clearly serves the valid penological interests of education and rehabilitation"); also see Mukmuk v. Commissioner, 529 F.2d 272 (2nd Cir.

---

[9] In denying Plaintiff's request for a medical exemption, the Regional Director stated as follows:

> Investigation indicates medical staff at your institution have determined that you do not meet the criteria for the granting of a full medical exemption from the GED program. In fact, medical staff at your institution have indicated further participation in the GED program may benefit your recovery.

(Document No. 1, p. 9.)

1976)(stating that an achievement test requirement for inmates was reasonable in light of the institution's rehabilitation program); <u>Jackson v. McLemore</u>, 523 F.2d 838 (8th Cir. 1975)(finding that an inmate may not be punished because he fails to learn, but he may be required to participate in a literacy program because a state has a sufficient interest in eliminating illiteracy); and <u>Rutherford</u>, 337 F.Supp. at 272 - 73 (finding that a "state has a sufficient interest in eliminating illiteracy among its convicts to justify it in requiring illiterate convicts, including adults, to attend classes"). Accordingly, the undersigned finds that Plaintiff's allegations cannot be construed to implicate a constitutional right for the violation of which relief can be granted under <u>Bivens</u>. Plaintiff's Complaint must therefore be dismissed.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: February 17, 2010.

R. Clarke VanDervort
United States Magistrate Judge